UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN T. WILLIAMS                                    CIVIL ACTION

VERSUS                                                NO: 16-794

MITCHELL K. WILLIAMS ET AL                            SECTION: "H" (4)

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*. Plaintiff has failed to adequately allege diversity his Complaint. Accordingly, Plaintiff shall amend the Complaint to correct this jurisdictional defect within 20 days of the entry of this Order or the case will be dismissed for lack of subject matter jurisdiction.

This Court is duty-bound to examine the basis of subject matter jurisdiction sua sponte.[1] Subject matter jurisdiction in this case is premised

---

[1] *Lane v. Halliburton,* 529 F.3d 548,565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih,* 369 F.3d 457,460 (5th Cir. 2004)).

1

upon diversity of citizenship.[2]  Cases arising under § 1332 require, inter alia, complete diversity of citizenship.[3]  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4]  In this matter, the burden of proving complete diversity lies with Plaintiff.[5]  To carry this burden, Defendants must "distinctly and affirmatively allege [ ] the citizenship of the parties."[6]

The method of determining the citizenship of a party varies.  A natural person is a citizen of the state where he is domiciled, i.e. where he has a fixed residence with the intent to remain indefinitely.[7]  It is well-established that an allegation of a party's residence, standing alone, is insufficient to establish citizenship for purposes of diversity jurisdiction.[8]  With regard to corporations, a corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located.[9]  Thus, "[i]n cases

---

[2] *See* 28 U.S.C. § 1332.

[3] *Stiftung v. Plains Mktg., L.P.,* 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted).

[4] *McClaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).

[5] *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

[6] *Howery v. Allstate Ins. Co.,* 243 F .3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

[7] *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555–56 (5th Cir.1985).

[8] *See Strain v. Harrelson RubberCo.,* 742 F.2d 888,889 (5th Cir.1984) (per curiam); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 310 n. 2 (5th Cir. 2002). "[S]ection 1332(a)(1) demands diverse citizenship, not diverse residency." *Nadler v. Am. Motors Sales Corp.,* 764 F.2d 409, 413 (5th Cir. 1985).

[9] 28 U.S.C. § 1332(c)(1).

involving corporations, allegations of citizenship *must* set forth the state of incorporation as well as the principal place of business for each corporation."[10]

Plaintiff filed his Complaint on January 29, 2016, invoking this Court's diversity jurisdiction. With regard to his own citizenship, Plaintiff states that he is "a resident of Gulf Shores, Baldwin County, Alabama." With regard to the citizenship of Defendant Mitchell K. Williams, Plaintiff alleges that he is "a resident of Metairie, Jefferson Parish, Louisiana." With regard to the citizenship of Defendant State Farm Fire and Casualty Company, Plaintiff alleges that it "is an Illinois company, authorized to do and doing business in the State of Louisiana." Plaintiff's allegations concerning the citizenship of the parties do not meet the above outlined requirements.

Plaintiff's failure to properly allege its citizenship is not fatal.[11] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[12] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[13] Thus, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does

---

[10] **Error! Main Document Only.***Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted).

[11] **Error! Main Document Only.** *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).

[12] *Id.* at 888.

[13] *Id.*

not in fact exist.'"[14]  The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present.  Accordingly, Plaintiff is granted leave to amend its Complaint to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

New Orleans, Louisiana this 7th day of March, 2016.

                *(signature)*
                _____
                **JANE TRICHE MILAZZO**
                **UNITED STATES DISTRICT JUDGE**

---

[14] **Error! Main Document Only.***Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) (quoting *Leigh v. Nat'l Aeronautics & Space Admin.*, 860 F.2d 652, 653 (5th Cir. 1988)).