## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STEVEN WILLIAMS**                                   **CIVIL ACTION**

**VERSUS**                                            **NO: 16-794**

**MITCHELL WILLIAMS, ET AL.**                         **SECTION: "H"(4)**

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 18).  For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff Steven Williams brings this negligence action, as a result of injuries sustained while accessing the attic at the home of his brother, Defendant Mitchell Williams.  He contends that one of the rungs of the attic access ladder was broken, causing him to fall to the floor and sustain serious injuries to his right shoulder.  He alleges that the defect in the ladder posed an unreasonable risk of harm.  Defendant filed the instant Motion for Summary Judgment, alleging that there was no way that he knew or, in the exercise of

1

reasonable care, should have known of the defective ladder.  Plaintiff responds in opposition, arguing that this issue presents a genuine issue of fact inappropriate for determination on summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-

---

[1] Fed. R. Civ. P. 56(c) (2012).
[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).
[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

2

movant would bear the burden of proof at trial."[6]  "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]    Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

In this Motion, Defendants allege that this action should be dismissed because Plaintiff can put forth no evidence that Defendant Mitchell Williams knew, or in the exercise of reasonable care, should have known, of the defective attic ladder.  Because this case is premised on a defect in a building, it is governed by Louisiana Civil Code article 2317 and the following articles.  "To prove liability, a plaintiff must show: (1) that the owner or custodian of a thing knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which allegedly caused the damage; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that the owner or custodian failed to exercise reasonable care."[9]

It Plaintiff's undisputed testimony that he observed the broken ladder rung on his way into the attic.  It is likewise undisputed that at some point in the past Defendant entered the attic to store the television antenna.  In order to impose liability on Defendant, he must have had actual or constructive knowledge of the defective condition.  "Constructive knowledge imposes a reasonable duty to discover apparent defects in things under the defendant's

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] *Encalade v. A.H.G. Sols., LLC*, 204 So. 3d 661, 667 (La. App. 4 Cir. 2016).

*garde*."[10]  "A court may find constructive knowledge if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury."[11]   Though Defendant's deposition testimony indicates that he had no actual knowledge of the ladder's defective condition, the Court finds that, based on the undisputed facts, a reasonable jury could infer that Defendant should have known of the defective ladder step.  This is particularly so in light of the fact that he has presented no evidence that anyone entered the attic between his storing of the antenna and the day of his brother's fall. Though various individuals visited the house prior to the incident, it seems that none of them entered the attic. Simply put, there is no evidence establishing the amount of time that the ladder step was broken.  Accordingly, summary judgment is precluded by this genuine issue of material fact.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **DENIED.**

New Orleans, Louisiana this 16th day of February, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Id.* at 668 (internal citations omitted).
[11] *Id.* (internal citations omitted).

4