UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 16-794 |
| MITCHELL WILLIAMS, ET AL. | SECTION: "H"(4) |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Reconsideration (Doc. 39). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

Plaintiff Steven Williams brings this negligence action, as a result of injuries sustained while accessing the attic at the home of his brother, Defendant Mitchell Williams.[1] He contends that one of the rungs of the attic access ladder was broken, causing him to fall to the floor and sustain serious injuries to his right shoulder. He alleges that the defect in the ladder posed an

---

[1] Plaintiff has also filed suit against State Farm Fire and Casualty Company, the insurer of Defendant Mitchell Williams.

1

unreasonable risk of harm. Defendants filed a Motion for Summary Judgment, alleging that there was no way that he knew or, in the exercise of reasonable care, should have known of the defective ladder. The Court denied this motion, finding that this issue presented a genuine issue of fact inappropriate for determination on summary judgment. Defendants responded with the instant Motion for Reconsideration, which Plaintiff opposes.

## LEGAL STANDARD

Courts in this District generally analyze motions to reconsider interlocutory orders under Rule 59(e).[2] A Rule 59(e) motion "[i]s not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[3] Instead, Rule 59(e) serves the narrow purpose of correcting "'manifest error[s] of law or fact or . . . presenting newly discovered evidence.'"[4] "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"[5] In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "[i]s an extraordinary remedy that should be used sparingly."[6] While district courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment," denial is favored.[7]

---

[2] *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09–4369, 2010 WL 1424398, at *4 n.54 (E.D. La. Apr. 5, 2010) (collecting cases); *Gulf Fleet*, 282 F.R.D. at 152 n.40 (same).

[3] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

[4] *Advocare Int'l, LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).

[5] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)).

[6] *Templet*, 367 F.3d at 479 (citations omitted).

[7] *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

## LAW AND ANALYSIS

In this Motion, Defendants aver that the Court's earlier order denying their Motion was in error because (1) no reasonable jury could find that the defendant should have known of the problem with the attic stairs and (2) the Court's order did not address Defendants' contention that the broken ladder step constituted an open and obvious condition. The Court will address these arguments in turn.

## I. Defendants' Arguments Concerning Knowledge of the Defective Condition are Not Appropriate for a Motion for Reconsideration

Defendants argue that this Court erroneously placed the burden on them to explain what happened to the step. This is a mischaracterization of this Court's ruling. The Court merely found that the record was incomplete and that there was a genuine issue of material fact as to whether Defendant knew or should have known of the defective condition. Defendants point the Court to no new evidence and no intervening change in the law in support of their motion for reconsideration on this issue. Accordingly, no grounds for relief exist and the Motion is denied in this respect.

## II. Defendants Arguments Relative to the "Open and Obvious" Nature of the Condition Were Not Properly Before the Court

Defendants next asks for reconsideration because the Court "did not address at all" their arguments that the broken step was open and obvious under Louisiana law. The Court did not address this issue for the simple reason that it was not raised in Defendants' Motion. Instead, this argument was raised for the first time in Defendants' reply brief. New arguments and legal theories raised for the first time in a reply brief cannot be considered by

the court.[8]  Accordingly, the Court's earlier decision was not in error and Defendants' Motion for Reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration is **DENIED.**

New Orleans, Louisiana this 19th day of June, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[8] *Murillo v. Coryell Cty. Tradesmen, LLC*, No. 15-3641, 2017 WL 1155166, at *3 (E.D. La. Mar. 28, 2017) (collecting cases).