UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| STEVEN WILLIAMS | CIVIL ACTION |
| --- | --- |
| VERSUS | NO: 16-794 |
| MITCHELL WILLIAMS, ET AL. | SECTION: "H"(4) |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Steven Williams brings this negligence action as a result of injuries sustained while accessing the attic at the home of his brother, Defendant Mitchell Williams. Plaintiff contends that one of the rungs of the attic access ladder was broken, causing him to fall and sustain serious injuries to his right shoulder when he climbed down from the attic. Plaintiff sues Defendant Mitchell Williams and Mitchell's insurer, Defendant State Farm Fire and Casualty Co., seeking to recover damages for past, present, and future physical and emotional suffering, medical expenses, lost income, and loss of enjoyment of life. This Court previously denied summary judgment for Defendants, finding that there existed an issue of fact as to whether Defendant Williams had constructive knowledge of the defective stairs.[1]

---

[1] *See* Docs. 38, 44.

At a bench trial held on October 3, 2017, the parties submitted written evidence for the Court to consider on the issues of liability and damages. Having considered the evidence admitted at trial and the arguments of counsel, this Court makes the following findings of fact and conclusions of law. To the extent a finding of fact constitutes a conclusion of law, and vice versa, the Court adopts it as such.

## **FINDINGS OF FACT**

The following facts are uncontested:[2]

1. The subject incident occurred on February 5, 2015.
2. Defendant Williams owned the home where the accident occurred.
3. Defendant Williams had not been in the home at least twelve, but not more than eighteen, months prior to the incident.
4. Defendant Williams specifically asked Plaintiff to go to the home where the incident occurred in order to retrieve an antenna belonging to Defendant Williams.
5. At the time that Defendant Williams asked Plaintiff to access the attic to retrieve the antenna, the pull-down ladder used to reach the attic was missing the second step from the top, leaving only a bare wire in the place where the step once was.
6. Plaintiff did as instructed by ascending the ladder into the attic without incident.
7. Upon Plaintiff's descent from the attic, Plaintiff's foot became ensnared in the wiring across the ladder where the step was originally, which caused his arm and elbow to crash onto the frame of the attic, resulting in his shoulder injury.

---

[2] See the joint pretrial order, Doc. 46, adopted by the Court, Doc. 47.

8. Defendant Williams had a homeowner's policy through Defendant State Farm Fire and Casualty Co. covering the Defendant's home.

The court finds these additional facts based on the evidence presented in trial:

9. Defendant Williams had no actual knowledge of the missing step.
10. The step was not broken the last time that Defendant Williams had a vendor go into the attic, approximately thirty months before Plaintiff was injured.
11. Defendant Williams was in the process of readying the home for sale and numerous other people, including Plaintiff and various repair persons, had been in the house since the last time that Defendant Williams had been to the home.
12. As Plaintiff ascended the stairs into the attic, Plaintiff noticed that the step was missing and that there was a wire strung across the gap where the step once was.
13. Plaintiff estimated the risk posed by the missing step and made a decision to continue ascending the ladder by stepping over the gap.
14. As Plaintiff descended the stairs, Plaintiff placed his left foot on the top rung. Knowing that the second step was missing, Plaintiff attempted to reach the third step with his right foot.
15. Plaintiff could not see the missing second step on the way down, although he knew that it was missing, because his body blocked his view.
16. While attempting to reach the third step, Plaintiff's right foot got hung up on the wire. Plaintiff then put weight on his right foot, causing it to slip off and Plaintiff to fall down the ladder.
17. There was no change in the condition of the stairs between when Plaintiff ascended and descended the ladder.

18. The missing step and remaining wire on the attic stairs was an open and obvious hazard because anyone who was using the ladder would have noticed the condition and understood the danger that it posed.

## **CONCLUSIONS OF LAW**

19. Louisiana law applies to this action.

20. Defendants' liability is controlled by Louisiana Civil Code Article 2322, which provides that:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. LA. CIV. CODE art. 2322.

21. Additionally, a plaintiff may only recover under Article 2322 when the "ruinous building or its defective component part create[s] an unreasonable risk of harm." *Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 183 (La. 2013). A building owner's duty extends only to injuries caused by defects posing an unreasonable risk of harm. *Id.*

22. To assess whether a defect posed an unreasonable risk of harm, courts must employ the "risk-utility balancing test" and consider,

> (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the

4

plaintiff's activities in terms of its social utility or whether it is dangerous by nature. *Id.* at 148.

23. "[A] defendant generally does not have a duty to protect against an open and obvious hazard." *Id.*; *see also Bufkin v. Felipe's Louisiana, LLC*, 171 So. 3d 851, 856 (La. 2014).

24. A hazard is open and obvious when it is obvious to "everyone who may potentially encounter it." *Broussard*, 113 So. 3d at 184.

25. Because its defect was open and obvious, the defective ladder did not, on balance, pose an unreasonable risk of harm. *See Temple v. Morgan*, 196 So. 3d 71, 81 (La. App. 1 Cir. 2016) (affirming trial court's conclusion that a broken and cracked sidewalk was open and obvious and did not pose an unreasonable risk of harm); *Christiano v. S. Scrap Recycling*, 131 So. 3d 1059, 1064 (La. App. 5 Cir. 2013) (affirming trial court's finding that a patch of slippery mud was open and obvious, and therefore did not pose an unreasonable risk of harm); *Jimenez v. Omni Royal Orleans Hotel*, So. 3d 528, 535 (La. App. 4 Cir. 2011) (affirming trial court's finding that an open manhole cover that was open and obvious did not pose an unreasonable risk of harm). Therefore, Defendant Williams owed no duty to prevent Plaintiff from encountering the broken step.

26. Accordingly, Defendants are not liable for Plaintiff's injuries.

## **CONCLUSION**

For the foregoing reasons, the Court concludes that Plaintiff has failed to prove the elements required under Louisiana premises liability law. Accordingly, the Court grants judgment in favor of Defendants.

New Orleans, Louisiana this 23rd day of March, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**